# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Case No.  10-cv-03144-MSK-KMT

SANDRA SQUALLS
     Plaintiff,

v.

PFIZER INC
     Defendant,

---

# PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate and move the court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.     In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  Both Parties have and hereby do represent that they have taken steps to protect certain documents and information potentially subject to disclosure through informal or formal discovery or otherwise subject to disclosure in the litigation as confidential, proprietary and/or trade secret.  Pfizer also believes and represents that certain documents subject to disclosure may contain information subject to third party privacy rights.  The Parties wish to ensure that both Parties are in a position to produce all responsive documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of

the Parties business or privacy interests.   The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.       "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below containing:

a.   personnel records, including compensation history, performance reviews, disciplinary action and personal identification information (including Social Security numbers, phone numbers and addresses) of Pfizer's employees and former employees;

b.   proprietary Pfizer manuals, handbooks, policies and procedures;

c.   proprietary information regarding criteria for performance evaluation and compensation;

d.   proprietary Pfizer sales training materials;

e.   confidential and/or trade secret information pertaining to Pfizer's customers, including but not limited to identifying information of healthcare providers and staff, reports related to prescribing information and prescription trends, and information regarding customer preferences, policies, and procedures;

f.   proprietary and/or trade secret and/or confidential materials related to Pfizer's sales and marketing efforts;

g.   proprietary and confidential financial information relating to Pfizer;

h.   confidential medical information, including medical records;

i.   personal and financial data related to Plaintiff, including financial and salary

information, tax returns; and

j.   Any other material qualifying for protection under Fed. R. Civ. P. 26(c).

3.   <u>Confidential Designation</u>.   Pfizer, Plaintiff, or any third party as to documents produced by the third party pursuant to discovery or subpoena, may designate as "CONFIDENTIAL" any document, testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 3, 4, and 5.   The Parties shall act in good faith and on a reasonable basis when designating material as "CONFIDENTIAL" and shall indicate their understanding and intention to be bound by the provisions of this Protective Order by executing the "Confidentiality Agreement" attached hereto as Exhibit "A."

4. <u>Designation of Documents Produced as Confidential</u>.

Designation as "CONFIDENTIAL" pursuant to this Protective Order may be accomplished by stamping the word "CONFIDENTIAL" on the face of a multiple-page document if the document is bound. If the document is not bound, designation of a document as "CONFIDENTIAL" may be accomplished by stamping or otherwise marking each page of the confidential document as "CONFIDENTIAL." The Parties may designate documents previously produced in the litigation to date as "CONFIDENTIAL" by providing written notice to the other party of the designation and identifying the documents that the Party wishes to designate as "CONFIDENTIAL" by Bates Numbers.

5.   <u>Designation of Deposition Testimony as Confidential</u>.

Plaintiff, Pfizer, or any third party as to testimony given by the third party at the deposition, may designate deposition testimony as "CONFIDENTIAL" by stating on the record at the deposition, or in writing within 30 days after the receipt of the deposition transcript, that

specified testimony is confidential.  During the interim 30 day period, transcripts will be treated as "CONFIDENTIAL" under the terms of this Order.

      6.    <u>Designation of Discovery Responses as Confidential</u>.

Plaintiff, Pfizer, or any third party as to information given by the party in response to information requests, may designate as "CONFIDENTIAL" any specific responses to information requests by labeling the specific response "CONFIDENTIAL."

      7.    <u>Use of Confidential Documents or Information in Court Filings</u>.

Whenever any document, testimony, information, or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and a motion to seal said document, testimony, information, or material designated as "CONFIDENTIAL" shall be filed with the Court in compliance with D.C.Colo.L.Civ.R. 7.2.  It is the obligation of the party filing documents with the Court containing information designated as "CONFIDENTIAL" to comply with D.C.Colo.L.Civ.R. 7.2.

      8.    <u>Limitations on Access to Confidential Information</u>.

Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose. Confidential Information shall not be used in any other lawsuit, action, or other matter.  Nothing in this Order restricts the ability of any party to use or disclose its own Confidential Information. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

a.      The Parties (including any officer, director, employee or agent of Pfizer who is deemed reasonably necessary or appropriate by counsel in good faith to aid in the prosecution, defense or settlement of this action), counsel for the Parties hereto, clerks, secretaries, paralegals, investigators, and legal assistants, court or stenographic reporters retained to report a deponent's testimony taken in this litigation, and firms retained by counsel to provide litigation services and the employees of said firms;

b.      Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

c.      Dispute resolution providers, including mediators, arbitrators and any other individuals employed by the Parties for the purpose of alternative dispute resolution;

d.      Court and administrative personnel, including judges, court reporters, law clerks and clerks engaged in proceedings in this case; and

e.      Witnesses at any deposition or other proceeding in this action.

9.      <u>Disclosure to Experts, Witnesses and Dispute Resolution Providers</u>.

"CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 8(b)) or any dispute resolution provider (as defined in paragraph 8(c)) or any witness at any deposition or other proceeding in this action unless and until such person is given a copy of this Order and first agrees to its terms and

conditions in writing, in the form of a nondisclosure agreement (*see* Attachment A), or on the record in this action.  The disclosing party shall retain the executed nondisclosure agreement.

      10.    <u>Limitation on Copies of Confidential Information</u>.

No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

      11.    <u>Storage of Confidential Information</u>.

Except as otherwise provided for in this Protective Order in Paragraphs 8a-e, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties or their experts or consultants (after compliance with paragraph 9) and be stored in a secure place.

      12.    <u>Challenge to Confidential Designation</u>.

If Plaintiff, Pfizer, or any third party objects to the designation of any document, testimony, information, or material as "CONFIDENTIAL," the Parties shall attempt to resolve the dispute in good faith on an informal basis.  If the Parties are unable to resolve the dispute informally within ten (10) business days after the time the informal notice is received, the objecting Party may by motion, with notice to all parties of record, apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated.  In any proceeding to release confidential material from its designation, or to change the designation of any such material, the burden shall be upon the designating Party to establish that good cause exists for the disputed information to be treated as CONFIDENTIAL under Fed. R. Civ. P. 26(c).  If the objecting Party makes such a timely motion, the material shall continue to be deemed CONFIDENTIAL under the terms of the Protective Order until the Court rules on such motion.

13.    <u>Use of Confidential Information at Trial</u>.

Should any party or person seek to utilize any "CONFIDENTIAL" document, testimony, information, or material at trial or a hearing in this matter, the Parties agree that such material may be introduced as evidence without losing its confidential status as between the parties. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.LCivR 7.2.  This Protective Order shall not constitute or be deemed to constitute an admission by either of the stipulating Parties or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said confidential information or its admissibility at trial or limit the Parties' rights to object to the disclosure of confidential information at the trial in this matter or in discovery or litigation of this matter.

This Protective Order shall not be construed as a waiver of any right to object to the admissibility or confidentiality of any evidence at trial nor shall it be construed as a waiver of any right to object to the furnishing of information in response to discovery.

14.    <u>Return of Confidential Information Upon Resolution of the Lawsuit</u>.

Upon termination of this litigation, all originals and copies of "CONFIDENTIAL" documents, testimony, information, or material (and all summaries thereof) shall be returned to counsel for the producing party(ies) or destroyed, except that counsel for the parties may keep one copy of such documents, testimony, information, or material for their records.   If "CONFIDENTIAL" documents, testimony, information, or material (and all summaries thereof)

7

is destroyed rather than returned, counsel responsible for destruction must verify to counsel for the producing party(ies) that said documents have been destroyed within 10 days of termination of this litigation.

15.    Additional or Different Protection for Confidential Information.

Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16.    Modification.

This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17.    This Order shall survive the final termination of this action, to the extent that the Confidential Information is not or does not become known to the public.

Dated this 29th day of June, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

## CONFIDENTIALITY AGREEMENT

1.      My name is_____.


2.      I have read the Stipulated Protective Order (the "Order) that has been entered in

the matter of *Sandra Squalls v. Pfizer Inc*, USDC Case No. 10-cv-03144-MSK-KMT, a copy of

which has been given to me. I understand the provisions of this Order and agree to comply with

and to be bound by its provisions. I submit to the jurisdiction of this Court for purposes of

enforcing any of the terms or provisions of the Order.

3.      I declare under penalty of perjury under the laws of the United States and the state

of Colorado that the foregoing is true and correct.

Executed this _____ day of _____, 2011, at _____.

_____

Signature

Affiliation:

_____

Business Address:

_____

Home Address:

_____


DATED this _____ day of _____, 2011.